**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:20-CR-132(1)-ADA** |
| | § | |
| **AKEEM DE'QUAN HUGHES** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of [defendant]'s term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

On May 24, 2021, United States District Judge Alan D. Albright sentenced AKEEM DE'QUAN HUGHES to a 46-month term of imprisonment, with a three-year term of supervised release to follow, for the crime of Possession of a Firearm by a Convicted Felon in violation of United States Code Title 18, Sections 922(g)(1) and 924(a)(2). Judge Albright also imposed the following sentence conditions: (1) Hughes must pay a $100 special assessment; (2) he must pay a $100 fine; (3) he must participate in substance abuse treatment and testing; (4) he must

participate in mental health treatment; (5) he must adhere to search; and (6) Hughes must take all mental health medications as a physician prescribes. Hughes began his original term of supervised release on August 29, 2024, and has fully paid both his special assessment and fine.

Just over a year later on September 5, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Hughes had violated Mandatory Condition Number One when he committed another federal, state, or local crime during the term of his supervision. The Court held a hearing on that petition on October 7, 2025. The Court recommended that Hughes continue on his period of supervised release with additional conditions. The District Judge accepted and adopted that report and recommendation on October 8, 2025.

On March 5, 2026, the United States Probation Office filed a second Petition for Warrant or Summons for Offender Under Supervision, alleging that Hughes violated the terms of his supervision in the following ways:

**Violation Number 1:** Hughes violated Mandatory Condition Number 1, in that, he shall not commit another federal, state, or local crime during the term of supervision. On March 1, 2026, Hughes did intentionally flee from a person he knows is a peace officer or a federal investigator, in violation of Texas Penal Code 38.04 and operated a motor vehicle in a public place while intoxicated, in violation of Texas Penal Code 49.04.

On April 9, 2026, the Court held a hearing on the petition. At the hearing, the Government abandoned the portion of the violation stemming from Hughes's alleged intentional flight from a person he knew was a peace officer or federal investigator in violation of Texas Penal Code Section 38.04, proceeding solely on Hughes's DWI violation. Hughes pled **NO**

**CONTEST** to the DWI violation. The petition contained a sufficient factual basis to support a plea of **NO CONTEST** .

## II.  FINDINGS OF THE COURT

Based on Hughes's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1.      Hughes violated the conditions of his supervision as alleged in the petition.

2.      Hughes was competent to make the decision to enter a plea of **NO CONTEST**.

3.      Hughes had both a factual and rational understanding of the proceedings against him.

4.      Hughes did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.      Hughes was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.      Hughes was sane and mentally competent to stand trial for these proceedings.

7.      Hughes was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.      Hughes received a copy of the petition naming him, and he either read it or had it read to him.

9.      Hughes understood the petition and the charges alleged against him.

10.     Hughes had a sufficient opportunity to discuss the petition and charges with his attorney.

11.     Hughes was satisfied with the job his attorney has done and had no complaints about his attorney.

12.    Hughes understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.    Hughes freely, intelligently, and voluntarily entered his plea of **NO CONTEST**.

14.    Hughes understood his statutory and constitutional rights and desired to waive them.

15.    The petition contains a sufficient factual basis to support Hughes's pleas of **NO CONTEST**.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Hughes's supervised release be **REVOKED** and that he be sentenced to the following:

(1) a seven-month term of imprisonment, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by

the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985);

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 9th day of April, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE